UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM STAPLETON,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>E. CRUZ, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 18-cv-00733-LAB (JLB)<br><br>**REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>**[ECF No. 16]** |

　　　　Plaintiff Abraham Stapleton ("Plaintiff"), a prisoner incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, who is proceeding *pro se* and *in forma pauperis*, filed a Civil Rights Complaint ("Complaint") on April 14, 2018, alleging civil rights violations pursuant to 42 U.S.C. § 1983 against Defendants E. Cruz, Mendoza, John Doe, Daniel A. Paramo, and the State of California. (ECF No. 1 ("Compl.").) Defendant State of California was *sua sponte* dismissed from the case on June 6, 2018. (ECF No. 7.) Defendants Cruz, Mendoza, and Paramo (collectively, "Defendants") were thereafter served and jointly filed an Answer on August 13, 2018. (*See* ECF Nos. 7-12.)

///

Presently before the Court is Plaintiff's motion for leave to file a first amended complaint, (ECF No. 16), Defendants' opposition (ECF No. 18), and Plaintiff's reply (ECF No. 19). The Court took this matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). (*See* ECF No. 17.)

The Court submits this Report and Recommendation to United States District Judge Larry Alan Burns pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.3 of the Local Rules of Practice for the United States District Court for the Southern District of California. After a thorough review of the parties' papers and all supporting documents, and for the reasons discussed below, the Court **RECOMMENDS** that Plaintiff's motion be **GRANTED IN PART** and **DENIED IN PART**.

I. BACKGROUND

In his Complaint, Plaintiff, who is white, alleges that defendants Cruz, Mendoza, and Doe, three RJD correctional officers, violated his Eighth Amendment rights on September 2, 2016, by failing to protect him from—and during—a racially-motivated attack by three Hispanic inmates. (*See* Compl. at 13-20.) Plaintiff further claims that defendant Paramo, RJD's Warden, "knew his [correctional officers'] actions were inappropriate," conspired with them, and "regularly participated and directed inmates to assault other inmates" who filed CDCR 602 Inmate Appeals "against his officers." (*Id.* at 16-17.) Plaintiff claims to have suffered permanent damage to his right eye as a result of the September 2, 2016 incident, *id.* at 15, and seeks $500,000 in compensatory and $1,000,000 in punitive damages, *id.* at 20.

On June 5, 2018, the Court screened the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). (ECF No. 7.) The Court concluded that Plaintiff's Eighth Amendment failure to protect allegations were sufficiently pleaded to surpass the "low threshold" set by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). (ECF No. 7 at 6, 8.) The Court also dismissed Plaintiff's claims against the State of California as barred by the Eleventh Amendment. (*Id.* at 6.) The Court further noted that, although Doe pleading is disfavored, it would not dismiss the Doe allegations at that time and would permit Plaintiff "an

opportunity to pursue appropriate discovery to identify the unknown Doe." (*Id.* at 7, n.2.)

Defendants filed and served their Answer on August 13, 2018. (ECF No. 12.) That same day, the Court issued its Case Management Conference Order Regulating Discovery and Other Pretrial Proceedings ("Case Management Order"). (ECF No. 13.) The Case Management Order required that any motion to join other parties or to amend the pleadings be filed on or before October 8, 2018. (*Id.* at 3.) On September 21, 2018, Plaintiff filed the present motion for leave to file a first amended complaint. (ECF No. 16.)

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a), a plaintiff may amend his complaint once as a matter of course within specified time limits. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15 (a)(2).

Courts exercise broad discretion in deciding whether to allow amendment and have generally adopted a liberal policy. *See United States ex rel. Ehmcke Sheet Metal Works v. Wausau Ins. Cos.*, 755 F. Supp. 906, 908 (E.D. Cal. 1991) (citing *Jordan v. Cnty. of L.A.*, 669 F.2d 1311, 1324 (9th Cir. 1982), *rev'd on other grounds*, 459 U.S. 810 (1982)). Accordingly, leave is generally granted unless the court harbors concerns "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) ("Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint.").

Although motions for leave to amend are measured by several factors, prejudice is the "touchstone of the inquiry under Rule 15(a)," and absent prejudice or a strong showing of any of the remaining factors, there exists a presumption in favor of granting leave to

amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citations omitted). To justify denying leave to amend, prejudice to the non-moving party must be substantial. *See, e.g.*, *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (denying leave to amend dismissed complaint two years after original complaint's filing where new claims were legally tenuous and "would have greatly altered the nature of the litigation and required defendants to [undertake] an entirely new course of defense").

"Amendments seeking to add claims are to be granted more freely than amendments adding parties." *Union Pac. R.R. Co. v. Nev. Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) (citing *Martell v. Trilogy Ltd.*, 872 F.2d 322, 324 (9th Cir. 1989)). Additionally, "the party opposing amendment has the burden of showing that amendment is not warranted." *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 649-50 (W.D. Wash. 2015) (citing, *e.g.*, *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)).

## III. DISCUSSION

### A. Plaintiff's Motion to Amend

Plaintiff attaches a proposed First Amended Complaint ("FAC") to his motion to amend. (*See* ECF No. 16 at 7-23.) In the FAC, Plaintiff seeks to: (1) substitute Correctional Officer M. Hill in place of Defendant John Doe; (2) add requests for declaratory and injunctive relief; (3) add a request for nominal damages; (4) provide more details in support of the allegations in his Complaint; and (5) file a verified complaint. (*See id.*)

In his motion, Plaintiff also seeks an "indication" or "tentative ruling" from the Court as to whether leave would be granted to add three new defendants, inmates Arreola, Villa, and Lopez, to a future second amended complaint.[1] (*See id.* at 1-3.) Plaintiff would like

---

[1] The Court notes that inmates Arreola, Villa, and Lopez are not currently named as defendants in the proposed FAC. (*See* ECF No. 16 at 7-23.)

4

18-cv-00733-LAB (JLB)

to bring claims against these inmates for state law assault and battery and excessive force in violation of his rights under the Eighth and Fourteenth Amendments, which relate to the same incident at issue in the Complaint. (*See id.* at 1.) In his reply, Plaintiff appears to alter his request, stating that he requests leave to add inmates Arreola, Villa, and Lopez as defendants to the proposed FAC "via the court utilizing its inherent authority to add or remove parties under [F]ederal Rules of Civil procedure 15, 19, and 20." (ECF No. 19 at 5-6.)

### B. Defendants' Arguments

Defendants "do not object to the addition of M. Hill as substitute for an already pleaded Doe defendant to the original complaint." (ECF No. 18 at 7-8, 10-11.) However, Defendants argue that Plaintiff "has failed to articulate any basis why it is in the interests of justice to allow him leave to file the [proposed FAC]." (*Id.* at 12.) In this regard, Defendants note that the original Complaint was also verified, and contend that Plaintiff fails to explain why the additional factual allegations "are necessary for him to successfully prosecute his case." (*Id.* at 12-13.)

Defendants further argue that permitting Plaintiff to file the proposed FAC, which they claim "seeks new claims for injunctive and declaratory relief, alleges numerous new, different, or conflicting facts, and while unclear, potentially raises new causes of action," will substantially prejudice Defendants by increasing the time and resources necessary to litigate this case. (*Id.* at 13.) In addition, Defendants argue that the Court will need to conduct an additional screening to determine whether Plaintiff can add the proposed new defendants and forms of relief; and, alternatively, if the Court declines to conduct an additional screening, Defendants will "suffer undue prejudice from the required expenditure of additional time and resources to sort and decipher new, ambiguous, and conflicting allegations." (*Id.* at 14-15.)

Lastly, Defendants argue that Plaintiff's request for a "tentative ruling" improperly seeks an advisory opinion from the Court. (*Id.* at 15-16.) If, however, the Court decides to construe Plaintiff's request for a "tentative ruling" as a request for leave to amend,

Defendants request an additional opportunity to present legal arguments against the request. (*Id.* at 16.)

### C. Discussion

After thoroughly reviewing the papers submitted and the proposed FAC attached to Plaintiff's motion (*see* ECF No. 6 at 7-22), for the reasons discussed below, the Court recommends that Plaintiff's motion be granted in part and denied in part. The Court finds that justice requires that Plaintiff's motion be granted to the extent he seeks to file the proposed FAC. *See* Fed. R. Civ. P. 15(a)(2). However, to the extent Plaintiff requests that the Court utilize its inherent authority to amend the proposed FAC to add inmates Arreola, Villa, and Lopez as defendants, the Court finds that such an amendment would be futile. In addition, to the extent Plaintiff requests a "tentative ruling" as to whether Plaintiff can file a second amended complaint with additional allegations naming inmates Arreola, Villa, and Lopez as defendants, the Court finds that this is an improper request for an advisory opinion.

#### 1. Proposed FAC

In response to Plaintiff's motion seeking to file the proposed FAC, Defendants' primary argument concerning prejudice is that allowing Plaintiff to file the proposed FAC will increase the time and resources necessary to litigate this case. However, the Complaint was filed in April 2018, Defendants filed an Answer rather than a Federal Rule of Civil Procedure 12(b) motion, this is Plaintiff's first request to amend the Complaint, and the request was timely pursuant to the Case Management Order. Thus, the case is still in its early stages and is proceeding apace. Moreover, Defendants do not oppose Plaintiff's request to amend his Complaint to replace the Doe defendant. The Court is not persuaded that there will be substantial delay as a result of allowing Plaintiff's additional modifications in the proposed FAC as well. For these reasons, the Court does not find that Defendants will be unduly prejudiced by the filing of the proposed FAC.

None of the remaining factors weigh against granting Plaintiff leave to file the proposed FAC. Notably, Plaintiff is proceeding *pro se*, and *pro se* litigants are far more

prone to making errors in pleading than represented litigants, and the rule favoring liberality in amendments to pleadings is particularly important for *pro se* litigants. *Noll v. Carlson,* 809 F. 2d 1446, 1448 (9th Cir. 1986). In his reply, Plaintiff explains that he always intended to seek an injunction, but the "inmate jailhouse lawyer" who helped him prepare the Complaint failed to advise him to request such relief. (ECF No. 19 at 3.) Plaintiff further explains that his "new helper" advised him to add additional detail to his claims so he could potentially use the FAC in support of or in opposition to a motion for summary judgment. (*See id.*) Given Plaintiff's representations, the Court finds that the motion was not made in bad faith or with a dilatory motive.

In addition, although the proposed FAC contains new and potentially conflicting facts, the Court cannot say at this stage that the amendments in the proposed FAC are futile. Therefore, justice requires that Plaintiff's motion be granted to the extent he seeks leave to file the proposed FAC. Fed. R. Civ. P. 15(a)(2).

### 2. Adding Inmates Arreola, Villa, and Lopez to the Proposed FAC

In his reply, Plaintiff also asks the Court to add inmates Arreola, Villa, and Lopez as defendants "based on the facts as presented" in the proposed FAC. (ECF No. 19 at 5-6, 11.) The Court liberally construes Plaintiff's request as one to add these three inmates as defendants to the proposed FAC.[2] *See Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008) (A document filed *pro se* is to be liberally construed." (internal quotation marks and citation omitted)). For the reasons discussed below, the Court finds that such an amendment would be futile.

In the proposed FAC, Plaintiff alleges that on September 2, 2016, inmate Arreola, "a known and documented 25 gang member," threatened and then attacked Plaintiff,

---

[2] Defendants requested an additional opportunity to present legal arguments against Plaintiff's request if the Court chose to construe the request to add inmates Arreola, Villa, and Lopez as one to amend. (*See* ECF No. 16 at 16.) However, the Court does not need further briefing to address the request.

7

striking him in the facial area. (ECF No. 16 at 9-10.) When inmate Arreola stopped attacking Plaintiff, Plaintiff alleges that inmate Villa and then inmate Lopez began to fight with Plaintiff. (*Id.* at 10-11.) Plaintiff alleges that the entire incident was "observed by" Defendants, and that inmate Lopez only stopped beating Plaintiff after Defendant Cruz said something to him in Spanish and pushed his alarm to summon additional staff. (*Id.*) Plaintiff further alleges that "the assault of [P]laintiff[] by three members of the prison gang 25[-]ers was caused by [D]efendants who aided and encouraged inmate[s] Arreola, Villa, and Lopez to assault [P]laintiff." (*Id.* at 12.)

As noted earlier, leave to amend need not be granted when the proposed amendment is futile. *See Universal Mortg. Co. v. Prudential Ins. Co.*, 799 F.2d 458, 459-60 (9th Cir. 1986). "A proposed amended complaint is futile if it would be immediately 'subject to dismissal.'" *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2012) (quoting *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998)), *aff'd on reh'g en banc on other grounds*, 681 F.3d 1041 (9th Cir. 2012). "[T]he 'proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6).'" *Id.* (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). Thus, an amended "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In the proposed FAC, Plaintiff alleges violations of his constitutional rights pursuant to Section 1983. (*See* ECF No. 16 at 7, 12-14.) "Section 1983 creates a private right of action against individuals who, *acting under color of state law*, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) (emphasis added). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citation omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by

the Constitution and laws of the United States, and (2) that the deprivation was *committed by a person acting under color of state law*." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) (emphasis added). Courts "start with the presumption that private conduct does not constitute governmental action." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999); *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) ("[P]rivate parties are not generally acting under color of state law . . . ."). To overcome the presumption, "a plaintiff must show that 'the conduct allegedly causing the deprivation of a federal right [was] fairly attributable to the State.'" *Tsao, Inc.*, 698 F.3d at 1139 (citing *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)).

      Here, the Court starts with the presumption that inmates Arreola, Villa, and Lopez are private individuals. The proposed FAC must therefore contain a sufficient factual basis to overcome this presumption. Upon review of the proposed FAC, the Court finds that the allegations in the proposed FAC do not plausibly overcome the presumption that inmates Arreola, Villa, and Lopez did not act under color of state law. *See Iqbal*, 556 U.S. at 678; *see also Lugar*, 457 U.S. at 937 (finding that there must be "significant" state involvement in the individual's action; *e.g.*, the individual is a state official, acted together with or has obtained significant aid from state officials, or his conduct is otherwise chargeable to the State); *Torricellas v. Poole*, 954 F. Supp. 1405, 1410 n.2 (C.D. Cal. 1997) (finding no merit to the plaintiff's contention that a fellow inmate "as an inmate representative to the auxiliary, was acting as an agent of the state under color of law"), *aff'd*, 141 F.3d 1179 (9th Cir. 1998). There is no allegation in the proposed FAC that demonstrates significant state involvement in the inmates' actions. None of the tests articulated by the Supreme Court for determining whether a private party's actions amount to state action have been met. *See Tsao*, 698 F.3d at 1140 (describing (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test).[3]

---

[3] "Under the public function test, when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become

Accordingly, the Court finds that adding these three inmates as defendants to the proposed FAC would be futile.

### 3. Request for a Tentative Ruling

To the extent Plaintiff requests an "indication" or "tentative ruling" from the Court as to whether leave would be granted to add inmates Arreola, Villa, and Lopez as defendants to a future second amended complaint, the Court finds that Plaintiff is improperly requesting an advisory opinion. (*See* ECF No. 16 at 1-3.) As noted by Defendants, federal courts have no power to render advisory opinions. *See Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). Under Civil Local Rule 15.1(b), "[a]ny motion to amend a pleading must be accompanied by . . a copy of the proposed amended pleading." CivLR 15.1(b). The proposed second amended complaint is not before the Court. As such, the Court denies Plaintiff's request for an "indication" from the Court as to whether he could file a second amended complaint based on the additional allegations set forth exclusively in his motion

---

agencies or instrumentalities of the State and subject to its constitutional limitations." *Lee v. Katz*, 276 F.3d 550, 554-55 (9th Cir. 2002) (internal quotation marks omitted). The public function test is satisfied only on a showing that the function at issue is "both traditionally and exclusively governmental." *Id.* at 555. Under the joint action test, courts consider whether "the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity. This occurs when the state knowingly accepts the benefits derived from unconstitutional behavior." *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1486 (9th Cir. 1995) (internal citations, brackets and quotation marks omitted). The compulsion test considers whether the coercive influence or "significant encouragement" of the state effectively converts a private action into a government action. *See generally Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 836-37 (9th Cir. 1999) (canvassing applications of the compulsion test involving the actions of private parties required under law or regulation). The nexus test asks whether "there is such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tenn. Secondary School Athletic Ass'n*, 531 U.S. 288, 295 (2001) (internal quotation marks and citation omitted).

and reply. (*See* ECF Nos. 16 at 1-3, 19 at 5-7.)[4]

## IV. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Plaintiff's motion for leave to file a first amended complaint be **GRANTED IN PART** and **DENIED IN PART**. The Court recommends that Plaintiff be given leave to file the proposed FAC attached to his motion. However, for the reasons discussed above, the Court recommends that Plaintiff's request to add inmates Arreola, Villa, and Lopez as defendants to the proposed FAC be denied.

**IT IS ORDERED** that no later than **January 18, 2019**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **February 1, 2019**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: January 2, 2019

Hon. Jill L. Burkhardt
United States Magistrate Judge

---

[4] Plaintiff also poses a number of other procedural questions related to this proposed amendment and seeks "such guidance as the court deems appropriate." (*See, e.g.,* ECF Nos. 16 at 1-2; 19 at 5.) Again, the Court is unable to provide litigants with legal advice or advisory opinions. *See Preiser*, 422 U.S. at 401. However, to the extent the parties request in their papers to amend the Case Management Order, the Court directs the parties to Section III(C) of Judge Burkhardt's Civil Chambers Rules which are available on the Court's website.