UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM STAPLETON,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>E. CRUZ, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 18-cv-00733-JLB<br><br>**ORDER PROVIDING PLAINTIFF NOTICE OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT RE FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES** |

　　　　Plaintiff is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to the Civil Rights Act, 42 U.S.C. § 1983.

　　　　Defendants have filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 and *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc). In their Motion, Defendants argue that Plaintiff has failed to exhaust all available administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(a).

　　　　"The PLRA mandates that inmates exhaust all available administrative remedies before filing "any suit challenging prison conditions," including, but not limited to, suits under § 1983." *Albino*, 747 F.3d at 1171 (*citing Woodford v. Ngo*, 548 U.S. 81, 85 (2006)). "Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's

claim." *Id*. at 1170. The Ninth Circuit has held that "the appropriate procedural device for pretrial determination of whether administrative remedies have been exhausted under the PLRA . . . is a motion for summary judgment under Rule 56." *Id.* at 1168.

Rule 56 tells you what you must do in order to oppose a Motion for Summary Judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided by Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.

Accordingly, Plaintiff is hereby provided with notice that Defendants have asked the Court to find, as a matter of law, that he failed to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). Plaintiff is further advised of his opportunity to include in his Opposition to Defendants' Motion whatever arguments and documentary evidence he may have to show that he did, in fact, exhaust all administrative remedies related to his claims as were available to him prior to filing suit. *See Marella v. Terhune*, 568 F.3d 1024, 1028 (9th Cir. 2009) (a district court must "effectively give [Plaintiff] fair notice that he should have submitted evidence regarding exhaustion of administrative remedies").

The Court cautions Plaintiff that if he does not submit his own evidence in opposition, summary judgment, if appropriate, may be entered against him. If summary judgment is granted, his unexhausted claims will be dismissed and there will be no trial on the merits as to his unexhausted claims.

Defendants' Motion is currently set for hearing on **February 25, 2019** before the Honorable Larry A. Burns. The Court hereby **RESETS** the hearing for **April 5, 2019** at **11:00 a.m.** before Magistrate Judge Burkhardt. Accordingly, Plaintiff must file an

opposition to Defendants' Motion and serve it upon Defendants' counsel of record no later than **March 15, 2019**.  Defendants may file a reply no later than **March 29, 2019**.

At the time set for hearing, the Court will consider Defendants' Motion fully briefed as submitted on the papers.  Unless otherwise ordered, no appearances are required on the date set for hearing and no oral argument will be heard.  *See* S.D. Cal. CivLR 7.1.d.1.

**IT IS SO ORDERED.**

Dated: January 23, 2019

*Jill Burkhardt*
Hon. Jill L. Burkhardt
United States Magistrate Judge